FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 24 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYLVIA WILLIAMS,

                    Plaintiff,

  -against-

DARMIN BACHU ESQ. (PIM EQUITIES --
RON BOROVINSKY, LYNNAE SAVAGE,
GILLIAN SHEPHERD and JOHN DOE and
JANE DOE 1-15 and All Agents, Contractors
and Representatives,

                    Defendants.
------------------------------------------------------------X
SYLVIA WILLIAMS,

                    Plaintiff,

  -against-

DARMIN BACHU ESQ. c/o PIM EQUITIES,
RON BOROVINSKY, Civil Court of New York
County of Kings - Brooklyn Housing Part,
Index #73405/13, LYNNAE SAVAGE,
GILLIAN SHEPHERD, Herkimer Realties,
(JOHN CLARKE), Pelican Remodeling &
Maintenance (JOHN CLARKE), JOHN CLARKE,
Paredium Investment Group aka Epiphany Home
Savers, Nidani LLC, Decatur Properties (PATRICK
MULLIN), PATRUCK MULLIN, Moeberg & Associates,
Mullholland & Knapp – c/o LYNNAE SAVAGE,
LYNNAE SAVAGE, Wilson's Law Firm,
(ERNEST E. WILSON), McPershon Taylor LLP,
EMANI TAYLOR, EMANI TAYLOR, Cohn &
Roth – c/o Downey Savings & Loan F.A., Supreme
Court Kings County Index #4823/09, Ideal
Properties (RON BOROVINSKY), Pim Equities
(RON BOROVINSKY), and JOHN DOE and
JANE DOE 1-15 and All Agents, Contractors
and Representatives,

                    Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

13 CV 4610 (ARR)

13 CV 4611 (ARR)

ROSS, United States District Judge:

On August 15, 2013, plaintiff Sylvia Williams, appearing *pro se*, filed these two actions. She paid the statutory filing fee for each action. The actions are hereby consolidated and are dismissed for lack of subject matter jurisdiction as set forth below.

## BACKGROUND

Both actions arise from the sale of property located at 70 Herkimer Street, Brooklyn, New York 11216 wherein plaintiff resides. Plaintiff has been served with an eviction notice and a holdover petition filed in state court under index number 73405/13. Plaintiff alleges that she has filed several Uniform Commercial Code ("UCC") liens against defendants which nullify the effect of the state court action seeking her eviction. Plaintiff alleges that this court has jurisdiction based on the United States Constitution, the federal criminal code, admiralty law, the Foreign Sovereign Immunities Act, and the Bill of Lading Act. Plaintiff seeks dismissal of the state court action seeking her eviction, transfer of the property and damages.

## DISCUSSION

In reviewing plaintiff's complaints, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union*

*Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Furthermore, if the court determines that the action is frivolous, the court may dismiss the complaint *sua sponte* even if the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) *(per curiam)*.

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Here, plaintiff does not allege diversity jurisdiction, but rather relies on federal constitutional and statutory law.

However, plaintiff's challenge to her eviction arises under state law and her remedy to challenge this eviction lies in the state courts. *See McMillan v. Dep't of Bldgs.*, No. 12 CV 318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings); *Oliver v. N.Y. City Hous. Auth.*, No. 10 CV 3204 (ARR), 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) (same); *Southerland v. N.Y. City Hous. Auth.*, No. 10 CV 5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (same); *see also Kheyn v. City of N.Y.*, Nos. 10 CV 3233 (SLT), 10-CV-3234 (SLT), 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (federal court does not have jurisdiction to intervene in landlord-tenant relationship).

Plaintiff's reliance on federal constitutional and statutory law is misplaced. As the parties in this action are private, that is, they are not governmental actors or entities, the United States Constitution does not provide a remedy. *See Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private

3

For these reasons, even construing plaintiff's complaints liberally, the court finds that is lacks subject matter jurisdiction over plaintiff's claims, and therefore must dismiss the complaints.

## Conclusion

Accordingly, these two actions are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Although plaintiff paid the filing fee to commence these two actions, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal of each action. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close each case.

SO ORDERED.

/S/ Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       September 19, 2013

**Service List:**

Sylvia Williams
70 Herkimer Street
Apt. 2
Brooklyn, NY 11216